STEPHEN R. SHAFFER AND MARGARET C. SHAFFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shaffer v. Commissioner
Docket No. 4219-82.
United States Tax Court
T.C. Memo 1983-677; 1983 Tax Ct. Memo LEXIS 112; 47 T.C.M. (CCH) 285; T.C.M. (RIA) 83677; November 10, 1983. Hugh A.M. Shafer, Jr., for the petitioners. Christopher L. Neal and Ronald D. Pinsky, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $3,464 in petitioners' Federal income tax for the taxable year 1978. The sole issue is whether petitioners are entitled to a casualty loss deduction under section 165(c)(3). [1]
*113 For convenience, we have combined our findings of fact and opinion. Some of the facts have been stipulated and are found accordingly. Petitioners resided in Alexandria, Va., at the time they filed their petition herein. They filed their joint Federal income tax return for the calendar year 1978 with the Internal Revenue Service at Memphis, Tenn.
Petitioners purchased their residence in the summer of 1977 from Ethel Cohen. The residence had been constructed in late 1964 and early 1965 and had had one owner prior to Ethel Cohen. During the period January 8 through 10, 1978, the area in which petitioners' residence was located was exposed to unusual precipitation and a severe drop in temperature. Thereafter, petitioners had substantial repair work done to the brickwork of the residence and to the concrete driveway and walkway. The stipulation of facts contains the following: 7. Before any repairs were made to the concrete driveway, to the concrete sidewalk and to the bricks, petitioners' residence was worth $10,000 less than if such repairs were completed. 8. If the Court should determine that there was a casualty, the $10,000 referred to in paragraph 7 should be *114 allocated $7,000 to the brick work, $2,250 to the concrete driveway, and $750 to the concrete sidewalk. Petitioners claimed a casualty loss of $6,909 on their 1978 tax return, which respondent disallowed. Petitioners now claim that they are entitled to a casualty loss of $10,000. We are satisfied that the unusual weather conditions in January 1978 constituted a casualty within the meaning of section 165(c)(3), and respondent does not seriously contend otherwise. [2] The issue on which the parties have locked horns is whether the damage which resulted in the agreed $10,000 drop in the value of petitioners' residence was due to those conditions, as petitioners contend, or to poor construction material and/or progressive deterioration prior to January 1978. Petitioners agree that they have the burden of proof. Rule 142(a). Clearly, if petitioners' residence had *115 been destroyed by a storm, lightning, or other casualty, the prior existence of poor construction and/or progressive deterioration would not have precluded a deduction under section 165(c)(3); such prior conditions would merely have affected the value of the residence before the casualty, and thus the measure of the loss. See . See also , affg. . The problem in this case stems from the fact that all three conditions -- weather, poor construction, and progressive deterioration -- may have contributed to the damage. Under these circumstances, the parties would have been well advised to have disposed of this case by way of settlement. However, for reasons of their own, and despite the Court's repeated urgings that the case should be settled, they not only did not do so but they took extreme positions -- petitioner that the damage was due solely to the weather conditions and respondent that it was due solely to defective construction and/or progressive deterioration. As a consequence, the parties have forced *116 the Court to expend time and effort to evaluate what is at best a murky record (a condition that could clearly have been foreseen) and to attempt to exercise a Solomon-like judgment in reaching a decision. See . Brickwork
We see no need to expound in detail on the testimony of the various witnesses as to the presence or absence of flaking and chipping of the bricks prior to January 1978. We are satisfied that a significant amount of such flaking and chipping existed, due either to the cumulative effect of the weather or to the existence of some unrepaired defective bricks. On the other hand, we are also satisfied that the January 1978 conditions exacerbated the condition of the bricks and, if the record had afforded us some basis for allocating between deductible and nondeductible causes of the $7,000 drop in the value attributed to the brickwork, we would have been inclined to allow petitioners some deduction. Unfortunately, petitioners, who have the burden of proof, did not provide us with any evidence upon which such an allocation could be made and the stipulation of facts (see p. 2, supra) does not *117 supply such evidence or a substitute therefor. Paragraph 7 of the stipulation merely states the total $10,000 drop in value before the repairs were made, without any indication as to what portion of that drop in value might be attributed to bricks which the Court might find to have been damaged due to the January 1978 weather conditions. Petitioners must suffer the consequences of any inadequacy in the stipulation of facts. . Petitioners are not entitled to any deduction for a casualty loss in respect of the brickwork. Cf. . Concrete Driveway and Walkway
Although the record is not entirely satisfactory, we are satisfied that the damage to these elements of petitioners' loss was caused by the January 1978 storm and not by defective construction or progressive deterioration. In accordance with the stipulated allocation of the parties, petitioners are entitled to a deduction of $3,000 as a casualty loss for such damage, less $100 as provided in section 165(c) with respect to the taxable year at issue. [3]Butschky v. United States, an unreported case *118 ( USTC par. 9139); O'Connell v. United States, an unreported case ( USTC par. 9312). Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In his objections to petitioners' proposed findings of fact, respondent indicates reservations about the impact of the January 1978 weather conditions, but he does not pursue the matter on brief and he has stipulated that "unusual precipitation and an unusual drop in temperature" occurred during that period.↩
3. The exclusion has now been modified. See section 165(h).↩